USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 04/23/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASSER LARKEM,

         Plaintiff,

- against -

DEPARTMENT OF EDUCATION—CITY OF NEW YORK and KLEBER PALMA,

         Defendants.

**OPINION AND ORDER**

17 Civ. 7017 (ER)

Ramos, D.J.:

  Nasser Larkem ("Larkem" or "Plaintiff") brings this case alleging unlawful employment discrimination against the New York City Department of Education ("DOE") and Kleber Palma ("Palma") (together, "Defendants"). *See* Compl. (Doc. 1). Larkem alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*. On January 16, 2018, Defendants filed this motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). *See* Doc. 18. Plaintiff, who is proceeding *pro se*, responded by filing what he termed a motion for leave to amend, which contained more specific factual allegations and attached additional exhibits, including some that were attached to Plaintiff's original Complaint. *See* Doc. 21.[1] For the following reasons, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

---

[1] Larkem's filing also contains roughly one page called "basis in law." *See* Doc. 21 at 4–5. In this section, Larkem explains the requirements for establishing a prima facie claim for national origin discrimination; however, he does not substantively respond to the arguments Defendants put forth in their opening brief.

## I. BACKGROUND

### A. Larkem's Employment with the DOE

Larkem is a professional translator who is proficient in both Spanish and French. *See* Compl. (Doc. 1) at 7. He sought a position as a Spanish translator with the DOE and was tested in both Spanish and French. *Id.* Ultimately, he was hired as a Spanish translator for the Translation and Interpretation Unit of the Office of Communications and Media Relations on September 12, 2005. *Id.* When Larkem began his job, he informed his supervisor, Kleber Palma ("Palma") that he had a second job working as a teacher at the French Institute Alliance Française ("Alliance Française"). *See* Declaration of Katerina Souliopoulos ("Souliopoulos Decl.") Ex. 1 ("State Department of Human Rights Complaint" or "SDHR Compl.") at 20.[2] Palma informed Larkem that as long as he completed his translation tasks on time, this would not be an issue. *Id.* Larkem again asked Palma about the arrangement in November 2012, and Palma again told Larkem it was fine. *Id.*

During his employment, the DOE asked Larkem to complete both Spanish and French translation projects, occasionally outside of work hours and/or without sending the request through formal DOE channels. *See* Compl. at 7. For example, on August 11 and August 19, 2015, the Senior Project Manager at the Translation and Interpretation Unit, Abnaty Hasnat ("Hasnat"), asked Larkem to translate documents into French. SDHR Compl. at 17, 19. Larkem understood these requests to mean that Hasnat was asking him, outside of the formal procedure

---

[2] Larkem attached the SDHR complaint to his federal court Complaint. *See* Compl. (Doc. 1). In considering a motion to dismiss, a court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The Court cites to the version of the SDHR complaint—and other documents attached to the Complaint or Mr. Larkem's proposed Amended Complaint—that are attached to Ms. Souliopoulos' declaration for ease of reference because Defendants have separated the documents into individual exhibits.

2

for assigning translation tasks, to work over the weekend to complete French translation projects. *Id.*

According to Larkem, beginning in 2013, he had a "flexible" schedule because of his workload. *See* Souliopoulos Decl. Ex. 3 ("SDHR Rebuttal") at 2.[3] However, he generally worked for at least thirty-five hours per week, and often stayed late or worked from home at Palma's request. *See* SDHR Compl. at 18. On August 31, 2015, Larkem met with Palma to request a "fixed" 8:00 a.m. to 4:00 p.m. schedule. SDHR Compl. at 16. Palma denied this request. *Id.*

Separately, in May 2015, Palma lodged a complaint against Larkem with the office of the Special Commission of Investigation ("SCI") because he suspected Larkem of working at a non-DOE location while he was supposed to be working at the DOE. Souliopoulous Decl. Ex. 6 ("SCI Report") at 1.[4] SCI investigators subsequently met with Hasnat, who was the source of the complaint. *Id.* According to the SCI report, Hasnat had noticed that Larkem was absent from the office for "extended periods of time" and once made bulk copies on the office photocopier that Hasnat suspected was not related to DOE teaching duties. *Id.*[5] Hasnat then googled Larkem and discovered that he taught a French class for the French Institute Alliance Française on Tuesdays and Thursdays between 11:00 a.m. and 1:00 p.m. *Id.* at 1–2.[6] SCI investigators also

---

[3] According to Palma, Larkem was supposed to work Monday through Friday from 9:00 a.m. to 5:00 p.m. Souliopoulos Decl. Ex. 6 ("SCI Report") at 2.

[4] Larkem brought up the SCI investigation during his August 31, 2015 meeting with Palma, but Palma claimed not to know anything about it. SDHR Compl. at 16.

[5] Larkem denies that he made photocopies for personal use during this time. *See* SDHR Compl. at 18.

[6] Larkem also disputes that the Alliance Française offered a class during this time, and states that he never taught during those hours. *See* SDHR Compl. at 18.

3

spoke with translators Claudia Hoepelman, Marcela Gaviria, and Hector Velazquez. *Id.* at 2.[7] The SCI report states that all three recalled that Larkem was frequently absent from the office during the workday. *Id.* SCI investigators also spoke with Alain Pilet ("Pilet"), the vice president of the Alliance Française, who confirmed that Larkem was an employee. *Id.* SCI investigators also found Larkem at the Alliance Française on a Thursday morning at 10:30 a.m.; Larkem was teaching a class and was unavailable to speak to the investigators. *Id.* However, he did confirm that he was simultaneously signed in to his DOE office. *Id.*[8] On November 16, 2015, the SCI investigators recommended Larkem's termination. *Id.* at 3.

On December 17, 2015, Larkem was terminated. *Id.* Ex. 8. The meeting lasted for approximately five minutes, and Larkem was given very little time to read or respond to the allegations in the SCI Report. SDHR Compl. at 14.

### B. Larkem's Administrative Complaints

Almost a year later, on November 23, 2016, Larkem filed a charge of discrimination with the New York State Division of Human Rights ("SDHR"), alleging that he was discriminated against on the basis of his language skills and categorized that discrimination as a proxy for national origin discrimination.[9] SDHR Compl. at 5. The complaint was also filed with the Equal Employment Opportunity Commission ("EEOC") on the same day.

---

[7] Larkem notes that the SCI investigators did not speak to Marcela Marraffini, who was also a Spanish translator and who sat next to Larkem at the DOE. *See* SDHR Compl. at 18.

[8] Larkem states that although he met the SCI investigator on that day, he "was not working when [he] met" with her. *See* SDHR Compl. at 18. It is unclear if he meant that he was not working at the Alliance Française or not working at the DOE. In any event, Larkem states that Palma "allowed all translators and employees to take long breaks." *Id.*

[9] Larkem's national origin is French. SDHR Rebuttal at 2.

4

On May 23, 2017, the SDHR issued a "no probable cause" finding because it determined that there was insufficient evidence of national origin discrimination and that the DOE's stated reason for termination was legitimate and was not pretext for discrimination. Souliopolous Decl. Ex. 4 ("SDHR Decision") at 1.[10] On August 3, 2017, Larkem filed an Article 78 proceeding in New York state court to challenge the SDHR's determination. *See Larkem v. City of New York, Dep't of Education*, No. 100999/2017 (N.Y. Cnty. 2017).

Separately, in early February 2017, Larkem heard from the Conflict of Interest Board ("COIB") that there would be a hearing on his termination before the Office of Administrative Trials and Hearings ("OATH"). That hearing was held on March 29, 2017. *See* Opposition and Motion for Leave to Amend ("Opp.") (Doc. 21) at 6. During the hearing, administrative law judge Kara J. Miller declined to allow two observers, Ellen Casey and Edith Boncompain, to remain in the courtroom. *Id.* According to Larkem, she also tried to coerce him into signing a document and, when Larkem refused, edited the exchange out of the final transcript for the hearing. *Id.*

On September 14, 2017, Larkem filed the instant Complaint. *See* Compl. (Doc. 1). Larkem alleged that he suffered national origin discrimination under Title VII, the NYSHRL, and the NYCHRL. *Id.* He also alleged that he was terminated "without due process" because he was unable to defend himself during his termination meeting,

---

[10] On June 19, 2017, the EEOC adopted the SDHR's findings. *See* Souliopoulos Decl. Ex. 5.

5

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[d]ismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (internal citations and quotation marks omitted). A state law depriving its courts of jurisdiction over a state law claim divests a federal court of jurisdiction to decide the claim. *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the Court is not obliged to reconcile and accept as true "pleadings that are contradicted by other matters asserted or relied upon or incorporated by reference . . . ." *Xi Wei Lin v. Chinese Staff & Workers' Ass'n*, No. 11 Civ. 3944 (RJS), 2012 WL 5457493, at *4 (S.D.N.Y. Nov. 8, 2012) (quoting *Fisk v. Letterman*, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. Title VII Claims

Defendants argue that Larkem's Title VII claim for national origin/linguistic discrimination must be dismissed because Larkem's claims are time-barred. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def.'s Mem.") (Doc. 18) at 5. In New York, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days. *See Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)). Larkem filed his SDHR complaint, which was filed simultaneously with the EEOC, on November 23, 2016. *See* SDHR Compl. Larkem was terminated on December 17, 2015, more than 300 days earlier. *See* Souliopoulos Decl. Ex. 8. Larkem makes no arguments regarding the statute of limitations in his opposition, and the Court can find no reason why his failure to comply with this statutory requirement should be excused. *See Pryor v. Nat'l Grid*, No. 10 Civ. 6507 (PAC), 2011 WL 3251571, at *2 (S.D.N.Y. July 28, 2011) ("Although *pro se* litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that

7

even *pro se* plaintiffs must be held to strict compliance."). The Court must therefore GRANT Defendants' motion to dismiss Larkem's Title VII Claims.[11]

B. **State Law Claims**

Defendants argue that Larkem's claims under the NYSHRL and NYCHRL must fail because both statutes contain election of remedies provisions. "Once a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is *generally barred*." *Moodie*, 58 F.3d at 883 (quoting *Marine Midland Bank v. N.Y. State Div. of Human Rights*, 75 N.Y.2d 240, 245 (1989)). The only exception is when the SDHR dismisses the complaint "for 'administrative convenience.'" *Id.* Both the NYSHRL and the NYCHRL "require dismissal of a suit in court if the complainant lodges a complaint with *either* the SDHR or the [New York City Commission on Human Rights]." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011); *see also Williams v. City of New York*, 916 F. Supp. 2d 517, 520–21 (S.D.N.Y. 2013) (setting forth the relevant statutory texts). Here, it is undisputed that Larkem filed a claim with the SDHR on November 23, 2016. *See* SDHR Compl. The SDHR issued a decision on the merits and did not dismiss Larkem's claims for administrative convenience. *See* SDHR Decision. Therefore, the Court must also dismiss Larkem's claims for discrimination under the NYSHRL and NYCHRL.

C. **Due Process**

Finally, Defendants argue that Larkem has failed to state a claim with respect to the alleged violation of his due process rights. Larkem does not provide much detail to support the

---

[11] Because the Court dismisses Larkem's claims as time-barred, it does not address Defendant's arguments about whether Larkem has otherwise stated a claim of discrimination.

basis of his due process claim in his original complaint; in his motion for leave to amend, Larkem alleges that OATH denied him due process in his post-termination hearing because Judge Miller tried to coerce Larkem into signing a public disposition, and dismissed the two individual observers—Casey and Boncompain—from the courtroom during the hearing. *See* Opp. at 2. Larkem adds that OATH "heavily edited" the transcript of the hearing. *Id.*

A pre-termination hearing satisfies due process if the government "provides notice and a limited opportunity to be heard prior to the deprivation of the protected interest, so long as a full adversarial hearing is provided after." *Mordukhaev v. Daus*, 457 F. App'x 16, 21 (2d Cir. 2012) (internal punctuation and quotation marks omitted) (quoting *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001)). Furthermore, the Second Circuit has held that "the availability of an Article 78 proceeding to challenge any alleged deficiencies in an administrative adjudication is sufficient to satisfy due process." *Id.* (citing *Locurto*, 264 F.3d at 173–75). Here, there is an available Article 78 process, and Larkem has availed himself of it. *See* Souliopoulos Decl. Ex. 10. Thus, Larkem has not stated a claim for a due process violation, and allowing amendment of his complaint to add more specific allegations with respect to the insufficiency of the post-termination hearing would be futile.[12]

### D. Amendment

As discussed above, the Court has already found that Larkem's proposed amendment to his Complaint would be futile. Larkem has not sought leave to further amend the Complaint in

---

[12] A court may deny a motion to amend on the basis of futility "only where no colorable grounds exist to support the proposed claim." *Allison v. Clos-ette Too, L.L.C.*, No. 14 Civ. 1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015). Futility is assessed using the same standard as dismissal for failure to state a claim; thus, leave to amend will be denied only "if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Because the Court finds that Larkem's allegations with respect to the post-termination hearing could not withstand a motion to dismiss, it denies Larkem's request to amend the Complaint.

9

the event that the Court found the proposed amendments futile. However, in *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, the Second Circuit reaffirmed that the "liberal spirit" of Federal Rule of Civil Procedure 15 embodies a "strong preference for resolving disputes on the merits." 797 F.3d 160, 190–91 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011)). Thus, the Court considers whether further amendment would be appropriate.

A court may deny leave to amend a complaint for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). A *pro se* complaint should be read liberally, and the Court should grant leave to amend if a "liberal reading" provides "any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999)). But where the issues with a complaint are "substantive" and cannot be cured by more artful or specific allegations, repleading would be "futile" and a request for further amendment "should be denied." *Id.*

The defects with respect to Larkem's Title VII, NYSHRL, and NYCHRL cannot be cured by better pleading, because Larkem cannot avoid his election of an administrative remedy or his failure to timely file an EEOC claim. Where defects are "largely substantive and incurable," dismissal with prejudice is appropriate. *See Klein v. Zugabie*, No. 15 Civ. 9093 (NSR), 2017 WL 374733, at *10 (S.D.N.Y. Jan. 24, 2017) (denying leave to replead where claims were largely time-barred). Similarly, a court need not grant leave to amend where a plaintiff does not specify how amendment would cure pleading deficiencies. *Clarke v. White Plains Hosp.*, No. 13 Civ. 5359 (CS), 2015 WL 13022510, at *6 (S.D.N.Y. Apr. 22, 2015)

(citing *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). Given the Second Circuit's clear statement that the availability of a post-termination Article 78 proceeding satisfies the requirements of due process, the Court does not see any indication in either Larkem's complaint or his opposition that he might be able to state a valid due process claim. The Court therefore finds that dismissal of the complaint with prejudice is appropriate.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED with prejudice and Plaintiff's request for leave to amend is DENIED. The Clerk of Court is respectfully directed to terminate the motions (Docs. 18 and 21), mail a copy of this order to Plaintiff, and to close the case.

It is SO ORDERED.

Dated: April 23, 2018
        New York, New York

                                            Edgardo Ramos, U.S.D.J.